Original Copy

No. 01-11-00575-CR

RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

APR - 7 2015

CHRISTOPHER A. PRINE
CLERK

In The Fourteenth Court Of Appeals

Paul Sturgeon
Appellant / Complainant

V.

Nicholas Hughes
Melissa Martin et al.,
Respondents

Ineffective Assistance Of Counsel And Legal Malpractice Complaint
In Appeals Cause No. 01-11-00575-CR.
Cause No. 1280773. 248th. District Court Of Harris County, Texas

Ineffective Assistance Of Counsel And Legal Malpractice Complaint

Paul Sturgeon
Complainant
TDCJ. No 1948651
East Garza Unit
4304 Hwy 202
Beeville, Texas 78102

1-of-11

To THE HONORABLE JUDGE OF SAID COURT:

Comes Now Paul Sturgeon, Complainant in The Above-Styled Cause And files This "Ineffective Assistance Of Counsel And Legal Malpractice Complaint" Against Nicholas Hughes and Melissa Martin, et al. And Would Show The Court The following:

## I

Paul Sturgeon, Complainant is currently incarcerated At The East Garza Unit, 4304 Hwy 202. Bee County, in Beeville, Texas 78102.

## II

### STATEMENT OF THE FACTS

On December 6, 2010, Paul Sturgeon, Complainant Was Indicted For A Third Degree Felony Offense Of Theft. The Indictment Reads As follows:

"On Or About September 23rd, 2010, in Harris County, Texas Paul Sturgeon, did Then And There, Unlawfully Appropriate Property, Namely, One Motor Vehicle, Owned by Landy Leal Valued At Over Twenty Thousand Dollars And Under One Hundred Thousand Dollars. With The intent To deprive Owner Of Property"

On June 21, 2011, On The day Of Trial, Joseph S. Bowmby Was Appointed As Counsel by The Court in Cause No 1280723.

On June 23, 2011, Paul Sturgeon, Complainant was Convicted of the Third degree felony offense of theft of a 2010 Black Ford Mustang owned by Dollar Rent-A-Car (Dandy Leal). A Charge That is Not Included in The Indictment. Punishment was Assessed At Nine years in The TDCJ-ID And A Nine Thousand Dollars Fine.

On June 23, 2011, Paul Sturgeon, Complainant Timely filed A written Notice Of Appeal in Cause No 1280723.

On June 28, 2011, Melissa Martin was Appointed As Public defender, Counsel for Paul Sturgeon On Appeal in Cause No 1280725.

On July 14, 2011, Melissa Martin filed A Motion Designation Of Reporter's Record On Appeal

On Jan. 24, 2012, Nicholas Hughes And Alexander Bunin filed An Appeate in The Court Of Appeals (Cause No 01-11-00575-cr) on Paul Sturgeon's behalf in Cause No. 1280723.

## III

## Complaint

A). Denial Of Right To Effective Assistance Of Counsel

Paul Sturgeon, Complainant asserts That on or About Jan. 24, 2012, Nicholas Hughes And Melissa Martin, et al., Intentionally And knowingly Violated Paul Sturgeon. Sixth And Fourteenth Amendment Rights guaranteed And

In Name, is unable To Assist The defendant To Obtain A fair decision On Merits.

There Are Two Types Of Cases Recognizing The Right To Counsel, 1) On A first Appeal As of Right And the Cases Recognizing The Right Of Counsel at Trial Includes The Right To Effective Assistance Of Counsel. Are Dispositive

Protected by The State Of Texas And The United States Constitution. Without The Effective Consent Of The Appellant Paul Sturgeon. by Namely, failing To/ Refusing To file A Meaningful Appeal in Cause No 1280723. (Court Of Appeals No. 01-11-00575-cr) And Completely failed To Subject The Prosecution's Case To Meaningful Adversarial Testing During The Appeal. Thereby denying Paul Sturgeon's Right To Actual And Presumptive Effective Assistance Of Counsel. Nicholas Hughes And Melissa Martin's. et al's. Performance Prejudiced Paul Sturgeon's Case in Cause No. 1280723 (Court Of Appeals No. 01-11-00575-cr) Affecting The Outcome On Appeal. Manifesting into A fundamental Miscarriage Of Justice, gross negligence And Legal Malpractice.

Standard Of Review:

"The Defendant's Liberty Depends On his Ability To Present his Case in the face Of "The Intricacies Of The Law And The Advocacy Of the Public Prosecutor" see United States V. Ash 413 U.S. 300, 309 93 S.C.T. 2568, 37 Led 2d 619 (1973) Because The Right To Counsel is so fundamental To A fair Trial The Constitution Cannot Tolerate Trials in which Counsel, Though Present In Name, is unable To Assist The defendant To Obtain A fair decision On Merits.

There Are Two Types Of Cases Recognizing The Right To Counsel. 1) On A first Appeal as of Right And the Cases Recognizing The Right Of Counsel at Trial includes The Right To Effective Assistance Of Counsel. Are Dispositive

Of Paul Sturgeon's Complaint. In Bringing An Appeal as of Right from his Conviction A Criminal Defendant is Attempting To Demonstrate That The Conviction With its Consequence Drastic loss of liberty is Unlawful To Prosecute The Appeal A Criminal Appellant Must face An Adversary Proceeding That Like A Trial is govern by Intricate Rules That A Lay Person Would be hopelessly forbidding. An Un Represented Person Appellant - Like An Un Represented Defendant At Trial is Unable To Protect The Vital Interests At Stake.

Ground One Of Complaint:

Paul Sturgeon Asserts That Nicholas Hughes And Melissa Martin, et al., Intentionally And Knowingly Refused To /Failed To Include Ineffective Assistance Of Counsel As A Ground for Paul Sturgeon's Appeal in Cause No. 1280723 (Court Of Appeals No. 01-11-00575-CR).

In The Present Case, After Reviewing The Court Reporter's Trial Records Which include The State Prosecutor's file in Cause No. 1280723, Nicholas Hughes And Melissa Martin, et al., Knew And Should have Known:

A). That On June 21, 2011, Joseph S. Dunnhy Was Appointed Counsel in Cause No. 1280723, About four hours before Trial began. After The Court Appointed Counsel, Paul Sturgeon filed A Motion for Continuance. (see Harris County Criminal District Docket Sheet Page 3 of 5). The Court Denied Paul Sturgeon's Motion for Continuance. Paul Sturgeon Objected.

"Denial Of Ten day Allowed Court Appointed Counsel To Prepare For Trial Violated Statute and Infringed Rights Of Pauper Accused To Assistance Of Counsel For his Defense under Sixth Amendment To The Constitution Of The United States. USCA. Const. Amend 6. Vernen's Ann. C.C.P. Art 494 Ex Parte Gudel, 368 S.w.3d 775. Absent Showing That Indigent defendant's Court-Appointed Counsel, Who was Appointed On day Trial Commenced, had sufficient Time To Prepare for Trial, Or That defendant And his Court-Appointed Counsel Waived In Writing Time Provided by Law To Prepare For Trial, A Reversal Is Required. SEE Criminal Law Ley 641.7 (2); Vernon's Ann. C.C.P. Art 26.04 (b) ; And Crothers V. State 480 S.w.2d 249

Because Joseph S. Dumby Was Appointed On the day Of Trial And did Not have The Requisite Minimum Amount Of Time To investigate The Case And Prepare for Trial. The Court-Appointed Attorney was inadequately Prepared for Trial. Relief Required See Herring V. Estelle, 491 F2d 125

Because Joseph S. Dumby. was Appointed Counsel On The day Of Trial Counsel was ineffective because Counsel was unable To Spend Time with Paul S'Turgeon on On The Case. which made it impossible For Counsel To Adequately Advise Paul S'Turgeon. Relief Required See Walker V. Caldwell 476 F2d 215

Paul S'Turgeon Asserts That had This ground been disclosed To The Court Of Appeals in The Appeal in Cause No. 1280773. (Appeals Court No. 01-11-00575-CR) It would have Changed The Court's Verdict And The Outcome of The Court's decision In Paul S'Turgeon's Appeal.

Ground Two Of Complaint:

Paul Sturgeon, Asserts That Nicholas Hughes And Melissa Martin, et al. Intentionally and Knowingly Refused/Failed To include fundamentally defective And Invalid Indictment As A Ground in Paul Sturgeon's Appeal in Cause No. 1280723. (Appeal Court No. 01-11-00575-CR).

In The Present Case, After Reviewing The Court Reporter's Trial Records Which includes The State Prosecution's file in Cause No 1280723. Nicholas Hughes And Melissa Martin, et al., Knew And Should Have Known:

A) The Charging Instrument in Cause No 1280723, (the Indictment) Is Completely And fatally defective As Much So. That it does Not Qualify As An Indictment. As defined by Texas Const. Art. V § 12(b) because it Completely failed To Charge Paul Sturgeon.

B) The Indictment Reads As follows:

"On Or About September 23, 2010, in Harris County, Texas, Paul Sturgeon Did Then and There Unlawfully Appropriate Property, Namely, One Motor Vehicle, Owned by Candy Leal, Valued At Over Twenty Thousand dollars And Under One Hundred Thousand dollars. With The intent To deprive Owner Of Property"

In The Present Case Paul Sturgeon, Was Tried And Convicted Of Theft Of A 2010 Black Ford Mustang. In The Indictment, The State Put No Evidence Of Theft Of A 2010 Black Ford Mustang Nor does it Allege That Paul Sturgeon Acted

Intentionally And Knowingly Nor does it Allege That Paul Sturgeon Appropriated Property Without The Effective Consent Of Owner.

C) Because Indictment is invalid The Court Lacked Jurisdiction There Paul Sturgeon's Conviction And Sentence is Unauthorized. And Requires An Automatic Reversal And Aquittal. see Washington V State, 909 S.w. 2d 577; Miller V. State, 909 S.w. 2d 586; Indictment Information Rev 159 (1); Vernon's Anno Tex. Const. Art 53 12 (b)

D). Paul Sturgeon Was Convicted And Sentence Without An indictment Which Allowed The Jury To Convict based Solely On The Charge And Evidence At Trial Which does Not Correspond To The Indictment. This Requires An Automatic Reversal Regardless Of Harm done To Paul Sturgeon. See Montoya V. State, 841 S.w. 2d 419; Pabst V State 617 S.w. 2d 577; And Ward V. State, 520 S.w. 2d 395

Petitioner Asserts That had This Ground been disclosed in The Appeal To The Court Appeals in Cause No. 1280723 (Court Of Appeals No. 01-11-00575-CR) It Would have Change The Verdict And The Outcome Of Paul Sturgeon's Appeal. Decision.

Ground Three Of Complaint:

Paul Sturgeon asserts That Nicholas Hughes And Melissa Martin, et al., Intentionally And Knowingly Refused/Failed To include "Actual Innocence" As A Ground in Paul Sturgeon's Appeal in Cause No. 1280723 (Appeals No. 01-11-00575-CR)

In The Present Case, After Reviewing The Court Reporter's Trial Records Which includes The State Prosecutor's file in Cause No. 1280723, Nicholas Hughes And Melissa Martin et al., Knew And Should have known:

That Paul Sturgeon is Actually Innocent. At Trial, Paul Sturgeon Was Accused Of and Convicted Of Theft by holding A Car, held under A Written Rental Agreement beyond The Expiration Period.

This Does not Constitute Theft because Pursuant To The Rental Agreement No. V0094637-4, Paul Sturgeon had Owner's Effective Consent To Exercise Control Over 2010 Black Ford Mustang.

Theft Can only Occur when The Actor Take Personal Property Secretly, Without Right or Leave Of Owner's Consent. See CCCC V. Hopkins 145 S.W.3d 28; Thomason V. State, 892 S.W.2d 8; Washington V. State, 909 S.W.2d 577; 819 S.W.2d 74; And Wirth V. State, 342 S.W.3d 161

Texas Penal Code Sec. 31.03, Does Not Apply To Paul Sturgeon's Case in Cause No. 1280723.

Petitioner Asserts That had Nicholas Hughes And Melissa Martin et al., include This ground On Appeal Along with with Texas Penal Code 31.04.

It would have Changed The Verdict And Outcome Of The Appeals Court's Decisions in Cause No. 1280723 (Court Of Appeals No. 01-11-00525-cr)

I, Paul Sturgeon, has Repeatedly Attempted To Contact Nicholas Hughes And Melissa Martin, et al., in An Attempt To Get Assistance in Proving My Innocence And Obtaining My Release. but There hasn't been Any Responses To My Attempts. I've Also Requested Assistance in getting bench Warranted back To Harris County Jail, Harris County, Texas. but, I've Recieved No Response or Assistance from Nicholas Hughes Or Melissa Martin, et al.,

## Prayer For Relief

Wherefore, Complainant, having Shown That Just Cause Exists For Finding That Nicholas Hughes And Melissa Martin, et al., Intentionally And Knowingly Violated Paul Sturgeon's Statutorily And Federally Protected Sixth, Eighth And Fourteenth Amendment Rights To Actual And Presumptive Effective Assistance Of Counsel; Equal Protection; Protection Against Cruel And Unusual Punishment, And Due Process Of Law When The Respondents Intentionally And Knowingly Refused / Failed To File A Meaningful Appeal in Cause No. 1280723, (Court Of Appeals No. 01-11-00535-cr) On Paul Sturgeon's behalf. further, Complainant Pray That This Court Finds That The Respondent's deficient Performance Prejudiced Paul Sturgeon's Case On Appeal And Affected The Outcome Of his Appeal. And That Respondents Actions Constitutes Gross Negligence And Legal Malpractice. And Actual And Presumptive Ineffective Assistance Of Counsel. On Appeal.

And Order Respondents To Assist Complainant in Any And All Further Proceedings.

Complainant Forever Give Prays.

Signed On This The ___15th___ day Of ___March___, 20 _15_ .

Respectfully Submitted

_____

Paul S'Turgeon
Complainant
TDCJ-ID No. 1948651
East Garza Unit
4304 Hwy 202
Beeville, Texas 78102

___Declaration___

I, Paul S'Turgeon, do declare under Penalty Of Perjury That The information, Statements And Facts included herein Are True And Correct To The Best Of My Knowledge.

EXECUTED On This The _15th_ day Of ___March___, 20 _15_ .

_____

Affiant
Paul S'Turgeon # 1948651

# CERTIFICATE OF SERVICE

I, Paul S'turgeon, do hereby certify That All parties has been served by Placing The Original Copy And One True And Correct Copy. Of The Complaint In Cause No. 1280723 (Court Of Appeals No. 01-11-00575-CR) In The United States Mail With Proper Postage Affixed And Forwarded To:

Fourteenth Court of Appeals: Clerk Christopher A. Prince, 301 Franklin St Rm. 245, Houston, Texas 77002

Signed On This The __30th__ day of __March__, 2015.

Paul S'turgeon
Complainant
1448651
East Garza Unit
4304 Hwy 202
Beeville, Texas 78102

aul Sturgeon
948651
East Garza Unit
4304 Hwy 202
Beeville, Texas 78102



14

Fourteenth Court Of Appeals

Clerk

Christopher A. Prine

RM. 245

301 Fannin St.

Houston Texas 77002



RECEIVED
FIRST COURT OF APPEALS
HOUSTON, TEXAS

APR - 7 2015

CHRISTOPHER A. PRINE
CLERK